[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Leonard Berlingo, and his brother Rocco Berlingo, are each fifty percent shareholders of the defendant RLR Realty, Inc., as well as officers and directors thereof. The plaintiff alleged in his complaint that he and his brother were deadlocked in the management of the corporation, specifically with respect to a lease by the defendant corporation of its only asset, property located at 129 Myrtle Avenue in Stamford, to his brother's corporation, Berlingo's Auto Body, Inc. CT Page 9887
The plaintiff in his claims for relief asked for the appointment of a receiver, a decree dissolving the defendant, and an accounting. This case was referred to the attorney trial referee program, General Statutes 52-434(a)(4), Practice Book 428 et seq., and the attorney trial referee, W. A. Phillips, Esq., concluded that the shareholders were not deadlocked, and he recommended that judgment enter in favor of the defendant corporation.
In his report the referee made several findings of fact including: (i) that no written lease exists between the defendant, RLR Realty, and Rocco Berlingo's corporation, Berlingo's Auto Body, Inc., although rent is paid at the rate set forth in a draft lease, which was never signed because the plaintiff did not agree with the amount of square footage involved; (ii) that the defendant pays the plaintiff his correct share of the net rental after payment of the mortgage and other necessary expenses based on the figures contained in the unsigned lease; (iii) that the two brothers agreed at one point that Rocco Berlingo would buy his brother's share of the defendant corporation, but that the arrangement was never consummated. From these facts the referee concluded that the plaintiff had not proved a deadlock in the management of the corporation's affairs, and he declined therefore to recommend the relief requested.
The plaintiff filed a motion to correct, Practice Book 438, seeking changes in the referee's report regarding the unsigned buy-out agreement as well as a request for a finding that the Berlingos were in disagreement over the management of the corporation. Although denying the majority of the requested changes, the referee did grant no. 4, and thus answered in the affirmative the requested amendment to the report which read: "(t)hat the plaintiff and Rocco Berlingo, are at odds concerning the continued use of the property which the defendant corporation owns."
The dissolution and winding up of a corporation under the circumstances of this case is provided for in General Statutes 33-382(a)(2), and is authorized ". . . when it is established that . . . the directors are deadlocked in the management of the corporate affairs and the shareholders are unable to break the deadlock . . ." The referee agrees that the two brothers are at "odds" concerning the only asset of the defendant corporation, the real estate being leased to Rocco Berlingo's other corporation, and certainly the "shareholders," the two brothers, are unable to break the deadlock since they each own fifty percent of the stock in RLR Realty. CT Page 9888
This case then would appear to be governed by the criteria for dissolution of a corporation discussed in Martin v. Martin's News Service. Inc., 9 Conn. App. 304 , 312, 518 A.2d 951, cert. denied 202 Conn. 807, 520 A.2d 1287
(1986): "a receiver is properly appointed when there are such dissensions in the governing body of a corporation . . . that the corporation ceases to function in the manner provided for by its own by-laws and in accordance with the statutes relating to corporations." The court also referred to the corporation being run as a "sole proprietorship" and without any "input from one of the two 50 percent shareholders." This seems to also characterize the situation with the two Berlingo brothers in this case, who were described by the referee as disagreeing about the only asset of the corporation. I believe the disagreement in this case is exacerbated because the realty is being leased to the one brother's own corporation, and the plaintiff is powerless to do anything about it, and thus the specter of self-interest is lurking in the background.
The court is cognizant of the recommendation of the referee that the corporation need not be dissolved or a receiver appointed, but with the factual finding that the brothers are at odds over the real estate, the only asset of the corporation, I believe that the court should substitute its own legal conclusion under the circumstances of this case. This distinction was discussed in Dills v. Enfield,210 Conn. 705, 714, 557 A.2d 51 (1989): ". . . the trial court has the power to render whatever judgment appropriately follows, as a matter of law, from the facts found by the attorney trial referee."
Having in mind the obligation to accept the referee's factual findings, but entering what the court perceives to be the appropriate judgment based on those facts Attorney Charles Busek of Norwalk is appointed receiver in order to undertake the winding up of the defendant corporation) General Statutes 33-383(c), upon the posting of a $5000 bond pursuant to General Statutes 52-506, and the defendant corporation is ordered dissolved in accordance with General Statutes 33-382(a)(2).
WILLIAM B. LEWIS, Judge